UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAFAEL W. GARCIA,

    Petitioner,

v.                                                Case No. 5:21-CV-00279-WFJ-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Garcia, a prisoner serving a Florida sentence of conviction, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The Petition is without merit on its face and the Court denies it without need for a Response.

**I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Mr. Garcia was sentenced to 22 months' incarceration on November 19, 2020, for the Florida crimes of felon in possession of a firearm, and for possession of MDMA. (Doc. 1 at 1). This was pursuant to a plea. He took no appeal. *Id.* at 1-2. He states the reason he took no appeal was "time barred and plea bargain." *Id.* at 7.

In December 2020, Mr. Garcia filed in his trial court a motion to set aside or vacate sentence, under Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel. Basically he contended that the lawyer who handled his plea withheld information from him and coerced him into the guilty plea. *Id.* The state court

1

dismissed the motion "as conclusory," but gave Mr. Garcia sixty days to amend. *See id*. at 5. Mr. Garcia did not amend his motion or appeal.

In January 2021, Mr. Garcia filed a motion for reduction in, or correction of sentence, under Rule 3.800, Fla. R. Crim. P., in the same court. *Id*. at 4. The trial court apparently dismissed this motion "outright." *See id*. at 5. Mr. Garcia did not appeal.

Mr. Garcia brings his ineffective assistance of counsel claim here in two grounds. Ground 1 alleges that trial counsel told him there was a plea offer, and if he did not take it within 30 days the Court would "raise the plea." The lawyer "did not inform me that I could counter the plea or challenge it in anyway [sic] just stated that if I don't take it I can receive 20 years." *Id*. at 5. As to the second ground, Mr. Garcia states *in toto*: "On November 19, 2020 at my sentencing he stated on record (see sentencing minutes) that if we (he and I) would have taken this case to trial we would've beaten it unbeknownst to me. He told me during an attorney client meeting we didn't stand a chance." *Id*. at 7.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**III. ANALYSIS**

The claims are entirely unexhausted. No ground is asserted or present for excusing this failure.

Before presenting federal constitutional claims to a federal court in a habeas petition, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues *by invoking one complete round of the State's established appellate review process*." *O'Sullivan*, 526 U.S. at 845 (emphasis added). In Florida, exhaustion requires not only the filing of a post-conviction motion, but an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (11th Cir. 1979). Petitioner did not appeal from the trial court, nor appeal either of his post-conviction motions. Nor does he request time or show any intention to do so now. Consequently, his claims are unexhausted. And, because Mr. Garcia may not now return to state court to appeal the denial of his trial motion, or to file a post-conviction remedies, the claims are procedurally defaulted. *See* Fla. R. App. P. 9.110(b) (appellate court's jurisdiction of appeal proceedings to review final orders of

lower tribunals shall be invoked by filing an original and one copy of a notice with clerk of lower tribunal within 30 days of rendition of order to be reviewed).

Mr. Garcia has not overcome this procedural default by showing cause and prejudice, or a fundamental miscarriage of justice.[1] Nor was there any impediment present or here asserted for failure to appeal the trial court's denial of his motions to vacate plea/sentence.[2]

In sum, the claims raised in Mr. Garcia's petition are unexhausted, and Mr. Garcia has failed to show cause or seek any remedy that might excuse the procedural default. Accordingly, his claims are barred from federal review.

It is therefore **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**Certificate of Appealability (COA) and**

**Leave to Proceed on Appeal In Forma Pauperis Denied**

A COA will issue only if Mr. Garcia makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must

---

[1] *See Cobb v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 4587098, at *2 (11th Cir. Sept. 11, 2018) ("Exhaustion or procedural default may be excused if the petitioner establishes a fundamental miscarriage of justice, meaning actual innocence.") (unpublished) (citation omitted). Mr. Garica has neither alleged nor demonstrated that he is actually innocent of the offense for which he was convicted.

[2] Filing a notice of appeal is a simple task. *See, e.g., Avery v. Hendricks*, 2006 WL 2627945 *3 (D.N.J. Sept. 13, 2006) (rejecting *pro se* litigant's claim that legal services were necessary to file a notice of appeal and noting that "a notice of appeal is of no great legal moment" and that a "simple letter stating an intent to appeal" would have been sufficient).

demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Garcia cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*

Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Mr. Garcia is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on May 28, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner Garcia, *pro se*

5